On writ of certiorari (330 U. S. 814) to review a judgment of the Court of Claims holding that the ceiling price fixed by the Office of Price Administration for the goods taken by the Govermnent does not afford just compensation for the loss sustained by plaintiff by reason of the taking and that plaintiff was entitled to recover on the basis of what it would have cost plaintiff to replace the goods taken, at the time thereof.
The judgment of the Court of Claims was reversed by the Supreme Court June 14, 1948, with directions to the Court of Claims to enter judgment for the unpaid balance of the value of the products at ceiling prices, with interest on the total value at ceiling prices from the date of the taking to the date of the administrative award.
Mr. Justice Frankfurter announced the judgment of the court and delivered an opinion in which the Chief Justice and Mr. Justice Burton concurred.
The syllabus of the Supreme Court’s opinion is as follows:
When prices of pork products (but not live hogs) were fixed under the Emergency Price Control Act, the Gov- *811 eminent ordered from a packer a quantity of four particular pork products for war purposes. The packer refused delivery at ceiling prices and the products were seized by the Government. Under a statutory procedure, an administrative agency awarded compensation at ceiling prices; this was refused; and the packer was paid half the amount due at ceiling prices on account. In a suit by the packer for “just compensation” under the Fifth Amendment, the Court of Claims found as a fact that the replacement cost of the seized products at the time and place of the taking was substantially in excess of the ceiling prices and awarded judgment for the difference between the amount paid and what it found to be the replacement value of such products. The packer failed to prove that it has suffered any actual loss on the particular products seized. On appeal to this Court, held: Judgment reversed with directions to enter judgment for the unpaid balance of the value of the products at ceiling prices, with interest on the total value at ceiling prices from the date of the taking to the date of the final administrative award.
Mr. Justice Reed, with whom Mr. Justice Black and Mr. Justice Murphy joined, filed an opinion concurring in the conclusion stated by the court but not concurring in the reasoning by which the result was reached.
Mr. Justice Rutledge also filed an opinion concurring in the judgment of the court and stating that he was “in partial agreement with both groups”.